EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Colegio de Abogados de Puerto Rico<br><br>Querellante<br><br>v.<br><br>Robert E. Schneider<br><br>Querellado | Querella<br>Certiorari<br><br>2005 TSPR 21<br><br>163 DPR _____ |

Número del Caso: 1510

Fecha: 24 de febrero de 2005.

Abogado de la Parte Peticionaria:

        Por derecho propio

Colegio de Abogados de P.R.

        Lcdo. José M. Montalvo Trías
        Director Ejecutivo

        Lcda. Mady Pacheco García de la Noceda
        Directora Ejecutiva

Materia: Conducta Profesional
        (La suspensión será efectiva el 2 de marzo de 2005 fecha en que
        se le notificó al abogado de su suspensión inmediata.)

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Colegio de Abogados de Puerto
Rico

       Querellante

          v.

    Robert E. Schneider

       Querellado

Querella sobre
suspensión del
ejercicio de la
abogacía y la
notaría

1510

PER CURIAM

En San Juan, Puerto Rico, a 24 de febrero de 2005.

El 4 de agosto de 2004 el Colegio de Abogados de Puerto Rico presentó una petición informando que el Lcdo. Robert E. Schneider no ha satisfecho el balance de ciertas cuotas anuales adeudadas, por la suma de $454.54.

El 13 de octubre de 2004 ordenamos al licenciado Schneider comparecer ante este Tribunal para mostrar causa por la cual no debía suspendérsele del ejercicio de la abogacía, en vista de la petición del Colegio y surgiendo del expediente que en el pasado le habíamos apercibido sobre las consecuencias de incumplir la Ley Núm. 43 del 14 de mayo de 1932, 4 LPRA secs. 771 et seq.

En su escrito mostrando causa, titulado "Contestación", el licenciado Schneider alude a correspondencia intercambiada con el Colegio sobre el monto correcto de la suma adeudada, pero no aneja copias de las cartas mencionadas. Además, alega que no se le acreditaron "los años que el Colegio ni me envió material ni me trató como colegiado, ni me incluyó en la lista de envíos." Tampoco especifica cantidad alguna que deba atribuirse a esos conceptos. Por otra parte, según su propio relato, la suma reclamada por el Colegio surge luego de éste considerar sus reclamos.

Visto el escrito de Contestación presentado por el Colegio de Abogados y no surgiendo del mismo la disposición del querellado de pagar la suma adeudada en concepto de cuotas de colegiación ni causa alguna válida en derecho para no hacerlo, se ordena su suspensión inmediata e indefinida del ejercicio de la abogacía y la notaría, hasta que otra cosa disponga este Tribunal.

Además, se le impone al querellado el deber de notificar a todos sus clientes de su presente inhabilidad de seguir representándolos y le ordena devolver cualesquiera honorarios recibidos por trabajo no realizado. También deberá informar de su suspensión a los distintos foros judiciales y administrativos del país.

El querellado deberá certificarnos el cumplimiento con estos deberes en treinta (30) días, contados a partir de la notificación de esta Opinión Per Curiam, notificando también de ello al Procurador General de Puerto Rico.

La Oficina del Alguacil General de este Tribunal procederá de inmediato a incautarse de la obra y sello notarial de Robert Schneider, Jr., luego de lo cual lo entregará a la Oficina de

Inspección de Notarías para la correspondiente inspección e informe.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Colegio de Abogados de Puerto
Rico

        Querellante

          v.

    Robert E. Schneider

        Querellado

Querella sobre suspensión del ejercicio de la abogacía y la notaría

1510

SENTENCIA

En San Juan, Puerto Rico, a 24 de febrero de 2005.

Por las razones que se expresan en la opinión del Tribunal, la cual se hace formar parte integral de la presente Sentencia, se decreta la suspensión inmediata e indefinida de Robert E. Schneider, Jr. del ejercicio de la abogacía y de la notaría, hasta que otra cosa disponga este Tribunal.

Se ordena al Alguacil de este Tribunal que se incaute de la obra y sello notarial de Robert E. Schneider, Jr. y la entregue a la Directora de la Oficina de Inspección de Notarías.

El querellado notificará a sus clientes que por motivo de la suspensión no puede continuar representándolos y devolverá a éstos los expedientes de los casos pendientes y los honorarios recibidos por trabajos no realizados. Asimismo, informará de su suspensión a cualquier Sala del Tribunal General de Justicia o a cualquier foro administrativo donde tenga algún caso pendiente. Por último, tiene la obligación de acreditar y certificar ante este Tribunal, en el término de treinta (30) días, que se cumplió con lo antes señalado, notificando de ello al Procurador General de Puerto Rico.

Publíquese.

Así lo pronunció y manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Corrada del Río disiente por entender que existen discrepancias sobre la cantidad adeudada por lo que concedería término al licenciado Schneider, Jr. y al Colegio de Abogados para que se reúnan y aclaren dichas discrepancias y de no poder llegar a un acuerdo, estipulen las diferencias expresando cada uno los fundamentos de sus respectivas posiciones, por lo que es improcedente la suspensión de la abogacía del licenciado Schneider, Jr, en esta etapa. El Juez Asociado señor Rivera Pérez se une al criterio del Juez Asociado señor Corrada del Río. El Juez Asociado señor Rebollo López no intervino.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo